IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas D. Grant,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-094-TUC-CKJ-DTF<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Douglas D. Grant has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] In accordance with the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 13), and Petitioner's Reply (Doc. 14). The Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted of manslaughter. During trial, the State disclosed its intent

---

[1] Petitioner was convicted in Maricopa County Superior Court; thus, pursuant to LR Civ 5.1(b), the case should have been filed in the Phoenix division of this Court. Petitioner properly mailed his Petition to the Phoenix courthouse and stated in an attached memorandum that Phoenix was the proper division. (*See* Doc. 1 at 12; Doc. 1-1 at 2.) However, on the first page of his Petition, he erroneously identified his conviction as having been entered in Pima County. (Doc. 1 at 1.) Presumably because of that error, the case was assigned to the Tucson division. Because Petitioner complied with the local rules and is incarcerated in this division, Respondent did not object, and this division also has jurisdiction, the Court has retained the case in this division. *See* 28 U.S.C. § 2241.

1 to prove aggravators for purposes of Petitioner's sentence, and the trial court conducted the aggravation hearing six days later. (Doc. 13 at 6; Doc. 14 at 1.) At the hearing, the State presented evidence of three aggravators: (1) the offense was committed in an especially cruel manner; (2) the offense was committed for pecuniary gain; and (3) the offense caused emotional or financial harm to the victim's immediate family. (Doc. 13, Ex. A at 3; Doc. 1 at 2.) In addition, several of the victim's family members testified for the State, and Petitioner testified on his own behalf. (Doc. 13, Ex. A at 3.) The jury found that the State proved all three aggravators. (*Id.*) At this point, the adult probation department submitted a report recommending a sentence greater than the presumptive; along with the report there were letters from the victim's family and other interested parties requesting a prison sentence and several requested the maximum allowed. (*Id.* at 3-4.) Petitioner submitted a packet with letters from some of the victim's family and other interested parties requesting that he be placed on probation. (*Id.* at 4.) In the mitigation hearing that followed, Petitioner presented supportive testimony from relatives and friends. (*Id.*) After considering the previously submitted materials and the testimony presented at the hearing, the judge found that the aggravators and mitigators balanced. (*Id.*) Petitioner was sentenced to the presumptive term of 5 years. (*Id.*) Petitioner contested only his sentence on appeal. (*Id.* at 2.) The Arizona Court of Appeals affirmed the sentence on appeal. (*Id.*) The Arizona Supreme Court denied review. (Doc. 13, Ex. E.)

## DISCUSSION

Respondents do not contest the petition's timeliness nor that Petitioner exhausted the one claim before this Court. Therefore, the Court evaluates the claim on the merits.

### LEGAL STANDARD FOR RELIEF UNDER THE AEDPA

The AEDPA established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reducing delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for

evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams*, 529 U.S. at 405-06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has

observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams*, 529 U.S. at 406; *see Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court's decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan*, 550 U.S. at 473; *Visciotti*, 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (*Miller-El II*). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322, 340 (2003) (*Miller-El I*); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan*, 550 U.S. at 473-74; *Miller-El II*, 545 U.S. at 240.

**MERITS ANALYSIS**

Petitioner alleges one claim, which the Court will address as two subparts. First, that there was not adequate notice of the aggravators to be used at sentencing, and second, that *Blakely v. Washington*, 542 U.S. 296 (2004) requires that those aggravators be charged

- 4 -

within an indictment.[2]

**Claim 1(a)**

Petitioner alleges that there was not adequate notice of the aggravators used at sentencing in violation of the Sixth Amendment. Petitioner relies on *Cole v. Arkansas*, 333 U.S. 196 (1948) and *Gautt v. Lewis*, 489 F.3d 993 (9th Cir. 2007) to support this claim. The State rebuts this claim, first, by arguing that Petitioner had a chance to challenge the aggravators, which he did. (Doc. 13 at 6.) Second, they argue that the trial court stated at the hearing that, "the parties had 'settled' the aggravating factors 'a long time ago.'" (Doc. 13 at 6 (quoting Doc. 13, Ex. E at 39).) Finally, they go on to state that Petitioner did not object to that statement, or to a lack of notice at trial. (Doc. 13 at 6.)

There is little law in this area that qualifies as "clearly established" for purposes of the AEDPA. As the Ninth Circuit noted in *Gautt*, the Supreme Court has been relatively quiet on a defendant's right to notice under the Sixth and Fourteenth Amendments. *Gautt*, 489 F.3d at 1004 n.11. Through the Sixth Amendment, a criminal defendant is guaranteed the right to be informed of the charges against him to permit adequate preparation of a defense. *Id.* at 1002. The case that is most on point is *Cole*, where in 1948, the Supreme Court held that the accused has a right to be charged with the crime for which he is to be tried. *Cole*, 333 U.S. at 202.

Petitioner argues that *Cole* and *Gautt* are the governing law for this claim, and he is correct that *Cole* qualifies as clearly established law. Because *Gautt* is not a Supreme Court case, it is not "clearly established" for purposes of the AEDPA. *Williams*, 529 U.S. at 365; *see Musladin*, 549 U.S. at 74. However, circuit court precedent may be of "persuasive value" in determining what law is "clearly established" and whether a state court applied that law unreasonably. *See Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 1999). In the absence of other law in this area, it is worthwhile to review the application of both *Cole* and *Gautt*

---

[2] Petitioner also alleges state law claims. Those claims are not cognizable, *see* 28 U.S.C. § 2241(c), and will not be addressed.

- 5 -

here. Neither case supports Petitioner's argument that there was inadequate notice of aggravators in this instance. In *Cole*, the petitioners were not convicted of the offenses for which they were charged, but instead were convicted of offenses in a related section of state code. *Cole*, 333 U.S. at 199. A similar situation occurred in *Gautt* more recently. There, the petitioner was convicted under one statute, but the sentence was enhanced under another similar statute. *Gautt*, 489 F.3d at 998. In both cases, the key fact is that the petitioners were not given notice of charges of which they were either convicted or sentenced. This is vastly different than the situation here, where Petitioner does not dispute the charges themselves, and there is no question that he was sentenced for the crime for which he was charged and convicted. Petitioner's claim is solely based upon the amount of notice he received as to the aggravators. That is substantially different than either case cited, as there was no notice at all in either case. Extending these holdings to this case would be beyond the authority of this Court under the AEDPA.

Even if Petitioner's arguments were supported by clearly established law, he still would be unable to obtain relief because any error in notice was harmless. In the context of habeas review, an error at trial is harmless unless it had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Most critically, the trial court imposed a presumptive sentence of five years, and the judge had the discretion to impose the presumptive sentence without any aggravators. *See* A.R.S. § 13-702; *State v. Johnson*, 111 P.3d 1038, 1041 (Ariz. Ct. App. 2005); *Blakely*, 542 U.S. at 303. Further, Petitioner fails to argue that with additional notice he could have presented evidence to undermine the aggravation presentation of the State. Petitioner contends that the amount of notice hampered his ability to re-call witnesses from outside of Maricopa County. (Doc. 14 at 3-4). However, he fails to allege what any witness would have testified to or that with additional notice he could have presented a defense and the aggravators would not have been found by the jury. Finally, though not determinative, Petitioner did not object to notice regarding the aggravators at trial.

1    The state court's denial of this claim was not objectively unreasonable.

2    **Claim 1(b)**

3    Petitioner alleges that *Blakely* requires that aggravators must be charged in an
4    indictment. Petitioner misreads the holding in *Blakely* to reach this conclusion. His argument
5    seems to be based upon a statement made in Justice O'Connor's dissent that Petitioner cited
6    in his reply. (Doc. 14 at 10 (quoting *Blakely*, 542 U.S. at 318 (O'Connor, J. dissenting)).)
7    Because the statements that Petitioner relies upon are within a dissent, they do not bind any
8    court. In the majority, there is no mention that aggravators must be charged in an indictment
9    *See Blakely*, 542 U.S. at 296. The holding is limited to requiring jury review of aggravators
10   for sentences beyond the statutorily authorized maximum for a given offense. *Id.* at 303-04.
11   In other cases involving federal prosecutions, the Court has stated that "any fact (other than
12   prior conviction) that increases the maximum penalty for a crime must be charged in an
13   indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones v. United*
14   *States*, 526 U.S. 227, 243 n.6 (1999). However, that requirement is limited to federal
15   prosecutions, as the Fifth Amendment requirement of indictment by a Grand Jury has not
16   been incorporated against the states. *See Hurtado v. People of State of Cal.*, 110 U.S. 516,
17   538 (1884); *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972).

18   This claim fails because States are not required to indict criminal cases. Therefore,
19   there cannot be a requirement that any particular facts must be charged in an indictment.
20   Thus, it was not an unreasonable application of federal law for the state court to deny
21   Petitioner's claim that the aggravators need to be charged in an indictment.

22                          **CONCLUSION & RECOMMENDATION**

23   Claims 1(a) and 1(b) do not warrant relief under the AEDPA and should be dismissed
24   on the merits. Based on the foregoing, the Magistrate Judge recommends the District Court
25   enter an order DISMISSING the Petition for Writ of Habeas Corpus (Doc. 1).

26   Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file
27   written objections within fourteen days of being served with a copy of the Report and
28   Recommendation. A party may respond to the other party's objections within fourteen days.

1  No reply brief shall be filed on objections unless leave is granted by the district court. If
2  objections are not timely filed, they may be deemed waived. Any objections filed should be
3  captioned with the following case number: **CV-12-094-TUC-CKJ**.
4      DATED this 19th day of November, 2012.

*D. Thomas Ferraro*
United States Magistrate Judge