1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    DOUGLAS D. GRANT,                    )
9                                         )
              Petitioner,                 )
10                                        )    No. CIV 12-094-TUC-CKJ (DTF)
     vs.                                  )
11                                        )
     CHARLES L. RYAN, *et al.*,           )    **ORDER**
12                                        )
              Respondents.                )
13   ─────────────────────────────────── )

14         On November 19, 2012, Magistrate Judge D. Thomas Ferraro issued a Report and

15   Recommendation (Doc. 15) in which he recommended that the Petition under 28 U.S.C. §

16   2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Douglas D. Grant

17   ("Grant") be dismissed on its merits.  The magistrate judge advised the parties that written

18   objections to the Report and Recommendation were to be filed within fourteen days of

19   service of a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b).

20

21   *Report and Recommendation*

22         This Court "may accept, reject, or modify, in whole or in part, the findings or

23   recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C.

24   § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then

25   this Court is required to "make a de novo determination of those portions of the [report and

26   recommendation] to which objection is made." The statute does not "require [] some lesser

27   review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50,

28   106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Rather, this Court is not required to conduct "any

1   review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

2         The magistrate judge addressed Grant's claim in two subparts.  As to Grant's first sub-

3   claim, the magistrate judge determined that under the standard of the Antiterrorism and

4   Effective Death Penalty Act ("AEDPA"), which states that a habeas corpus petition "shall

5   not be granted with respect to any claim that was adjudicated on the merits in State court

6   proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary

7   to, or involved an unreasonable application of, clearly established Federal law, as determined

8   by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

9   unreasonable determination of the facts in light of the evidence presented in the State court

10  proceeding," 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct.

11  1495, 1523, 146 L.Ed.2d 389 (2000), Grant was not entitled to relief on his claim that he did

12  not receive adequate notice of the aggravators to be used at sentencing.  The magistrate

13  judge, in essence, recommends that the distinguishable cases of *Cole v. Arkansas*, 333 U.S.

14  196 (1948) and *Gautt v. Lewis*, 489 F.3d 993 (9th Cir. 2007), do not provide a clearly

15  established federal law that was unreasonably applied because extending the holdings of the

16  cases would be beyond the authority of the AEDPA.  The magistrate judge also recommends

17  that, even if Grant's arguments were supported by clearly established law, any error was

18  harmless.

19        Grant's second sub-claim is that the aggravators should have been charged within the

20  indictment pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004).  The magistrate judge

21  recommends that this claim fails because "States are not required to indict criminal cases.

22  Therefore, there cannot be a requirement that any particular facts must be charged in an

23  indictment.  Thus, it was not an unreasonable application of federal law for the state court

24  to deny Petitioner's claim that the aggravators need to be charged in an indictment."  Report

25  and Recommendation, p. 7.

26

27

28

1    *Objections to Report and Recommendation*

2    Grant asserts the magistrate judge erred in not concluding that *Cole, Gautt*, and

3    *Sheppard v. Rees,* 909 F.2d 1234 (9th Cir. 1990), supports his argument that he did not

4    receive adequate notice of the aggravators.  Indeed, Grant argues that the aggravators should

5    have been noticed "before or during the trial as law requires."  Objections, Doc. 16, p. 7.

6    However, as discussed by the magistrate judge, *Cole* and *Gautt* involved situations where the

7    defendants were convicted or received an enhanced sentence pursuant to statutes under which

8    they were not charged.  Similarly, *Sheppard* involved a situation where the defendant had

9    received notice that he had to defend against a charge of murder, but had not been provided

10   notice that he would have to defend against a charge of felony murder.  In this case, however,

11   Grant received notice of the charges against him.  Further, he received notice of the

12   sentencing aggravators.

13   Grant argues, however, that the six day notice of the aggravators was not adequate.

14   However, the cases relied upon by Grant do not specify what constitutes adequate notice.

15   The Court agrees with the magistrate judge that the Court cannot conclude that a clearly

16   established federal law was unreasonably applied.  Rather, the clearly established federal law

17   does not specify adequate notice.  Indeed, the Ninth Circuit has determined that notice

18   provided thirteen days before a sentencing is adequate.  *See Ortiz v. Stewart*, 149 F.3d 923

19   (9th Cir. 1998).  Further, another district court has determined that adequate notice was

20   provided when the State's sentencing memorandum listed aggravating circumstances.  *See*

21   *Tomchee v. Ryan*, No. 09-1367-PHX-NVW (MHB), 2010 WL 1452856 *5 (D. Ariz. 2010),

22   *citing State v. Jenkins*, 193 Ariz. 115, 970 P.2d 947, 953 (App. 1998) (in second-degree

23   murder case, notice of aggravating factors in state's presentencing memorandum satisfied due

24   process); *State v. Marquez*, 127 Ariz. 3, 617 P.2d 787, 789 (App.1980) (no error when trial

25   court sua sponte found aggravating circumstances from record even though "prosecutor had

26   neither alleged nor attempted to separately prove" them); *State v. Ford*, 125 Ariz. 8, 606 P.2d

27   826, 827 (App.1979) (presentence report provided adequate notice of aggravating

28

1    circumstances).

2        Grant also appears to be arguing that, regardless of the number of days notice

3    provided to him, the notice was not adequate because he was not able to present the relevant

4    testimony of expert witnesses.  The magistrate judge pointed out, however, Grant did not

5    "allege what any witness would have testified to or that with additional notice he could have

6    presented a defense and the aggravators would not have been found by the jury."  Report and

7    Recommendation, p. 6.  In his Objections, Grant now proffers what evidence to which he

8    believes the witnesses would have testified.  However, Grant did not present this claim to the

9    State courts and the claim is technically exhausted.

10       Indeed, before a federal court may review a petitioner's claims on the merits, a

11   petitioner must exhaust his state remedies, i.e., have presented in state court every claim

12   raised in the federal habeas petition.  *See Coleman v. Thompson*, 501 U.S. 722, 731, 111

13   S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct.

14   1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust

15   his claims in the state courts "by invoking one complete round of the State's established

16   appellate review process" before he may submit those claims in a federal habeas petition);

17   *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).  Exhaustion of state remedies is

18   required in order to give the "State the opportunity to pass upon and correct alleged

19   violations of its prisoners' federal rights . . . To provide the State with the necessary

20   opportunity, the prisoner must fairly present his claim in each appropriate state court . . .

21   thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27,

22   29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations

23   omitted*; *see also Gentry v. Sinclair*, 693 F.3d 867 (9th Cir. 867 (9th Cir. 2012).

24       Furthermore, if Grant now attempted to return to the Arizona court system to exhaust

25   this claim, he would be procedurally barred from raising this claim.  *See e.g., Harris v. Reed*,

26   489 U.S. 255, 269-70, 109 S.Ct. 1038, 1046-47, 103 L.Ed.2d 308 (1989) (O'Connor, J.

27   concurring) (noting that if a claim was not fairly presented in the state court, then the federal

28                                              - 4 -

1   court must determine whether there are state remedies available).  Grant's claim would be

2   procedurally defaulted as "waived at trial, on appeal, or in any previous collateral

3   proceeding" pursuant to Ariz.R.Crim.P. 32.2(a)(3). Ariz.R.Crim.P.  By not presenting this

4   issue to the trial court or appellate court, Grant waived this claim.

5          Moreover, under Arizona law, a petitioner who was convicted at trial must file a Notice

6   of Post-Conviction Relief within 90 days of the entry of judgment and sentence or within 30

7   days of the order and mandate affirming the judgment and sentence on direct appeal, whichever

8   is later.  Ariz.R.Crim.P. 32.4(a).  Grant did not previously pursue post-conviction relief in the

9   state courts and Grants' claim does not qualify for any of the timeliness exceptions of the state

10  post-conviction procedures:

| | | |
|---|---|---|
| (d) | The person is being held in custody after the sentence imposed has expired; |
| (e) | Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence . . . ; |
| (f) | The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or |
| (g) | There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or |
| (h) | The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty. |

17  Ariz.R.Crim.P. 32.1, 32.2(b), and 32.4(a).  Indeed, "nothing in . . . Rule 32 suggests a pleading

18  defendant is relieved from Rule 32.4(a)'s mandate that '[a]ny notice not timely filed may only

19  raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h).'"  *State v. Jimenez*, No. 2 CA-CR 2012-

20  0097-PR, 2012 WL 3124165 *1 (Ariz.App. 2012), *citing State v. Shrum*, 220 Ariz. 115, 118, 203

21  P.3d 1175, 1178 (2009) (noting "few exceptions" to "general rule of preclusion" for claims in

22  untimely or successive petitions).  Therefore, should Grant now seek to file a Rule 32, it would

23  be subject to summary dismissal.  Ariz.R.Crim.P. 32.6(c); *State v. Rosario*, 195 Ariz. 264, 266,

24  987 P.2d 226, 228 (App. 1999) (where claims were not made pursuant to timeliness exceptions,

25  petition could be summarily dismissed); *see also Date v. Schriro*, 619 F.Supp.2d 736, 793

26  (D.Ariz. 2008) ("state post-conviction action is futile where it is time-barred").  Grant's claim,

27

28                                                      - 5 -

1  therefore, is technically exhausted and, therefore, procedurally defaulted.[1] *Coleman*, 501 U.S.

2  at 735 n. 1 (claim may be procedurally defaulted in federal court if the petitioner failed to

3  present the claim in a necessary state court and "the court to which the petitioner would be

4  required to present his claims in order to meet the exhaustion requirement would now find

5  the claims procedurally barred"); *Park v. California*, 202 F.3d 1146, 1150-51 (9th Cir. 2000)

6  (federal habeas review is precluded where prisoner has not raised his claim in the state courts and

7  the time for doing so has expired).

8      Additionally, Grant has not demonstrated cause and prejudice to excuse the default

9  in state court. *Coleman*, 501 U.S. at 753 (if a claim is procedurally defaulted, it may not be

10  considered by a federal court unless the petitioner demonstrates cause and prejudice to

11  excuse the default in state court, or that a fundamental miscarriage of justice would result);

12  *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).  Cause is defined

13  as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting

14  from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.

15  1991) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91

16  L.Ed.2d 397 (1986) (a showing of cause requires a petitioner to show that "some objective

17  factor external to the defense impeded counsel's efforts" to raise the claim in state court).

18  Prejudice need not be addressed if a petitioner fails to show cause.  *Murray*.  To bring

19  himself within the narrow class of cases that implicate a fundamental miscarriage of justice,

20

21     [1]Because these claims are procedurally defaulted pursuant to Ariz.R.Crim.P. 32.4(a), this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that the claim is precluded pursuant to *Cassett v. Stewart*, 406 F.3d 614, 622 (9th Cir. 2005).  Moreover, the procedural timeliness bar of Ariz.R.Crim.P. 32.4(a), is clear, consistently applied, and well established. *Powell v. Lambert*, 357 F.3d 871 (9th Cir. 2004); *see e.g., Rosario*, 195 Ariz. at 266 (where petition did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998) (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *State v. Jones*, 182 Ariz. 432, 897 P.2d 734 (App. 1995) (Rule 32.4(a) was amended to "address potential abuse by defendants caused by the old rule's unlimited filing periods").

28       - 6 -

a petitioner "must come forward with sufficient proof of his actual innocence[.]"   *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002), *citations omitted*.   "Actual innocence can be shown when a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"  *Sistrunk*, 292 F.3d at 673, *quoting Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Grant has failed to show cause – any impediments preventing Grant from complying with Arizona's procedural rules, *Murray*, 477 U.S. at 488 or a fundamental miscarriage of justice that no reasonable juror could find him guilty, *Schlup*, 513 U.S. at 327.   Grant's procedural default cannot be excused.   Even if Grant had shown cause and prejudice for failing to exhaust this claim, Grant has not pointed to any *clearly established* federal authority that was unreasonably applied in this case.   The Court finds Grant is not entitled to habeas relief on this claim.

As to Grant's second sub-claim, he argues that *Blakely v. Washington*,  542 U.S. 296, 303-04 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Patterson v. New York*, 432 U.S. 197 (1977), require that the aggravators to have been alleged in the charge against him because of the potential increase in his sentence.   In *Blakely*, the United States Supreme Court determined that a defendant in a criminal case is entitled to have a jury determine beyond a reasonable doubt any fact that increases his sentence beyond the "statutory maximum," unless the fact was admitted by the defendant or was based on a prior conviction. The Court clarified that the term "statutory maximum" was to be interpreted as the presumptive sentence, or the presumptive sentence given the facts as found by the jury or admitted by the defendant, rather than the maximum statutory sentence allowed.  *See Allen v. Reed*, 427 F.3d 767, 772 (10th Cir.2005) ("In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.").  However, as stated by another district court:

> . . . The court sentenced Petitioner to the presumptive term of [5] years' imprisonment. Because Petitioner received the presumptive sentence, the *Blakely* decision does not apply to Petitioner.
>
> Based on the foregoing, the State court's finding that Petitioner's sentence did not violate the Sixth Amendment as construed in *Blakely* is neither contrary to, nor an unreasonable application of, the Supreme Court's *Apprendi/Blakely* jurisprudence. 28 U.S.C. § 2254(d).

*White v. Ryan*, CV-09-2167-PHX-FJM (LOA), 2010 WL 1416054 *15 (D.Ariz. 2010); *see also United States v. Lizama*, 280 Fed.Appx. 639, 641 (9th Cir. 2008) ("The district court may engage in judicial fact finding at sentencing, that does not elevate a sentence above the statutory maximum, without implicating the Sixth Amendment, so long as it treats the Sentencing Guidelines as advisory."); *State v. Miranda-Cabrera*, 209 Ariz. 220, 99 P.3d 35 (App. 2004) (finding no Sixth Amendment violation when trial court weighs non-Blakely-compliant aggravating circumstances against mitigating circumstances and resulting sentence is below the presumptive).  Grant has not pointed to any federal authority that prohibits judicial fact finding at sentencing where that judicial fact finding does not elevate the sentence above the statutory maximum or, as in Arizona's case, above the presumptive sentence.[2]   Rather, as in *White*, the Court concludes that because Grant received the presumptive sentence, it cannot be said that the state courts unreasonably applied clearly established federal law.  The Court finds Grant is not entitled to habeas relief on this claim.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking

---

[2]In his Objection to the Report and Recommendation, Grant does cite to *State v. Resendis/Felix*, 209 Ariz. 292, 100 P.3d 457 (App. 2000). Doc. 16, p. 14.  Not only has this case been vacated, 2005 WL 2787475, and is in conflict with the more recent *Miranda-Cabrera* opinion, but *Resendis/Felix* is not clearly established federal authority.

a federal criminal judgment or sentence.  28 U.S.C. § 2253(c)(1).  Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.  A COA shall not issue as to Grant's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1.      The Report and Recommendation (Doc. # 15) is ADOPTED;

2.      Grant's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED WITH PREJUDICE;

1    3.    The Clerk of the Court shall enter judgment and shall then close its file in this

2 matter, and;.

3    4.    A Certificate of Appealability shall not issue in this case.

4    DATED this 22nd day of March, 2013.

5

6

7    _____
     Cindy K. Jorgenson
8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 10 -